6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRO GOLF OF FLORIDA, INC., and
M. FRANK FAZILAT,

        Plaintiffs,

v.

                              CIVIL CASE NO. 05-71380
                              HON. MARIANNE O. BATTANI

PRO GOLF OF AMERICA, INC.,

        Defendant.

_____/

**OPINION AND ORDER DENYING
PLAINTIFFS' MOTION FOR RECONSIDERATION**

**I.    INTRODUCTION**

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's August 11, 2005, Opinion and Order Denying Plaintiffs' Motion for Summary Judgment (Doc. #46). Pursuant to Local Rule 7.1(e)(2)(E.D. Mich. Sept. 8, 1998), no oral argument was heard.

**II.    STANDARD OF REVIEW**

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition

of the case.

LR 7.1(g)(3).

A motion for reconsideration which merely presents the same issues already ruled upon

by the Court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). A party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F. Supp.2d 787, 789 (W.D. Mich. 1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been mislead by a palpable defect, and; (2) the correction of that defect will result in a different disposition of the case. L.R. 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Mktg. Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997).

### III. ANALYSIS

The court finds that Plaintiffs' motion presents the same issues expressly ruled upon by the Court in the August 11, 2005, order denying Plaintiffs' motion for summary judgment. In addition, Plaintiffs have failed to demonstrate a palpable defect in its ruling. For the sake of clarity, the Court will briefly address Plaintiffs' arguments.

First, contrary to Plaintiffs' repeated incantation that the Court ignored the parties' intent, the Court did not overlook the parties' intent. Plaintiffs point out that the cardinal rule of contract interpretation is to ascertain the intent of the parties. However, the intent of parties is discerned from the agreement itself.
> [W]hen the language of an agreement leaves no doubt as to its meaning . . . it must be considered without regard to its extraneous facts. The intention of the parties is to be deduced from the language employed by them. The question is not what intention existed in the minds of the parties, but what intention was expressed in the language used; and where unambiguous, the terms of the [agreement] are
>
> conclusive.

Moore v. Kimball, 291 Mich. 455, 461 (1939), see also Quality Prods. & Concepts Co., v.

Nagel Precision, Inc., 666 N.W.2d 251, 259 (Mich. 2003). The Court "must look for the intent of the parties in the words used in the instrument. This court does not have the right to make a different contract for the parties or to look to extrinsic testimony to determine their intent when the words used by them are clear and unambiguous. . . ." Mich. Chandelier Co. v. Morse, 297 N.W. 64, 67 (Mich. 1941).

> The law presumes that the parties understood the import of their contract and that they had the intention which its terms manifest. It is not within the function of the judiciary to look outside of the instrument to get at the intention of the parties and then carry out that intention regardless of whether the instrument contains language sufficient to express it; but their sole duty is to find out what was meant by the language of the instrument.

Id. (quoting 12 Am. Jur. pp. 746-48). Thus, because the agreements were not ambiguous about the rights of the parties, the Court was adhering to the cardinal rule of contract interpretation. Next, the agreements did not grant Plaintiffs the exclusive right to solicit business from individuals located within their territories. Such a reading would mean that every time an individual that resides within Plaintiffs' territories travels outside those territories and purchases golf equipment from a ProGolf distributor other than Plaintiffs, the franchise agreements have been breached. The franchise agreements restrict Defendant from establishing, or granting the right to establish, another distributorship within Plaintiffs' defined territories, and grant Plaintiffs "a non-exclusive, non-transferrable right to utilize the trademarks and trade names 'Pro Golf of America,' 'Pro Golf Discount,' or 'Pro Golf Distributors' and the right to receive the services set forth in Paragraph 3 hereof." April 1, 1996, Franchise Agreement, December 4, 1997, Franchise Agreement. The agreements also establish that ProGolf will be liable for any sale made within Plaintiffs' territories, if such sale is made by ProGolf, its agents, or employees. Id. Nowhere in the agreements are Plaintiffs granted the exclusive right to solicit the business of individuals

located within their defined territories. Rather, Defendant reserved the right to engage directly and indirectly in the sale of golf equipment and related merchandise in any geographical area outside Plaintiffs' territories. Therefore, as long as the sale is from outside Plaintiffs' territories, clauses 1 and 2 of the agreements have not been breached. Any other reading would render clause 3 meaningless. It is axiomatic that a court should read the contract as a whole and arrive at a construction that will give fair meaning to all of the language employed by the parties in the contract. City of Wyandotte v. Consol. Rail Corp., 262 F.3d 581, 585 (6th Cir. 2001).

Also contrary to Plaintiffs' assertions, the Court did not find that Defendant was not acting as distributor within Plaintiffs' territories because title to the internet sale of golf merchandise did not pass within those territories. Rather, a careful reading of the Court's opinion and order would reveal that the Court denied summary judgment because there was no evidence as to when or where title passed, and thus, a question of fact exists whether a sale took place within Plaintiffs' territories. Thus, there is a question of fact whether Defendant breached clause 1 of the franchise agreements. Nor did the Court engage in an impermissible technical construction of the parties' contracts when it looked to the Uniform Commercial Code ("UCC"), which applies to the sale of goods unless otherwise agreed, to determine where the sale took place. Rather, the Court pointed out that, absent evidence of agreement to the contrary, the sales between Defendant and the individuals allegedly residing in Plaintiffs' territories took place outside of Plaintiffs' territories under the terms and definitions of the UCC, and thus, there is a question of fact whether Defendant breached clause 1 of the franchise agreements.

Plaintiffs next contend that the dictionary definition of "distributor" and "distributorship" encompass a wide range of activities. Although this is not disputed, what rights, as a "

distributor," Plaintiffs were granted do not, by the terms of the agreements, encompass all of those activities. Again, the agreements are clear as to the rights and obligations of the parties. It would be unwise and improper for this Court to look to extraneous sources to grant rights to a party that were not bargained for, and agreed to, by the parties themselves. Contrary to Plaintiffs' bare, unsupported contention that "[c]learly, emailing promotions and advertisements to persons with Plaintiffs' territories" is an act of distribution, it is not clear from the terms of the agreements that those acts violated the agreements. Rather, Defendant clearly reserved the right to "to engage *directly* and *indirectly*, through its distributors *or otherwise* in the sale of golf equipment or related products in any geographical area outside the Territory . . . ." December 4, 1997, and April 1, 1996, Franchise Agreements, at para. 2 (emphasis added).

Plaintiffs also contend that Defendant agreed not distribute or act as a distributor in Plaintiffs' territories. However, the agreements do not say this. Rather the agreements state, " PRO GOLF agrees (subject to the terms of Paragraph 12 hereof) that it shall not establish or grant to any other person or entity a distributorship with the Territory defined in Paragraph 2 . . . ." The Court fails to see how, by sending promotions and ads electronically, Defendant has established a distributorship, or granted a distributorship to another entity, within Plaintiffs' territories. The Court does recognize that Plaintiffs have failed to establish that such acts are violative of the agreements as a matter of law by either citing case law or contractual language that support such a contention. The Court is also cognizant that Plaintiffs failed to establish that shipping goods to individuals that reside within Plaintiffs' territories is the establishment of a distributorship within Plaintiffs' territories that violates the agreements.

Finally, the Court did not fail to utilize the applicable rules of construction. Merely

because Plaintiffs "contend that the act of distribution is much broader than measured by when a sale takes place," does not mean that the agreements granted them rights against, or protected them from, acts that Defendant may have been legally entitled to perform. Plaintiffs then cite self-serving definitions from a dictionary to arrive at a desired result. However, the Court's province is not to find a way to arrive at a desired result, nor is it the province to alter the parties' agreements by adding words, such as "sell," or "offer to sell." Plaintiffs would have the Court include words and phrases into the contract, and look to extraneous evidence in order to find that Defendant breached the contracts, and that their repudiation of the agreement was legally justified. This the Court will not do.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: June 6, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were mailed to counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK